## WILKINS v. BAX.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Edwin W. Paul, Louisville, for appellant.

J. W. Jones, Louisville, for appellee.

DUNCAN, Justice.

This is a habeas corpus proceeding, our determination of which requires a construction of that portion of KRS 440.080 which relates to preliminary detention of a person

charged with the commission of a felony in another state.

On July 29, 1953, a Justice of the Peace of Clark County, Indiana, issued a warrant for the arrest of Harold Wilkins, a resident of Louisville, Kentucky, on the felony charge of taking and driving an automobile without the owner's consent, alleged to have been committed in Clark County, Indiana. The warrant was sent to the Louisville Police Department, and a police officer thereupon filed his affidavit and procured from the clerk of the Louisville Police Court a warrant of arrest against Wilkins on the charge that he was a fugitive from justice in the State of Indiana, in which state he was charged with a felony. The warrant was executed on the same date, and appellant was presented before the Judge of the Louisville Police Court, who, over objection of appellant's counsel, continued the charge until August 1, 1953, and set bail in the amount of $2,500. On July 30, 1953, the petition for a writ of habeas corpus was filed. Upon a hearing, the lower court discharged the writ but reduced the amount of bail to $750.

Appellant contends that the statute, as it relates to preliminary detention, is limited to cases where the accused has been tried and convicted of a felony in another state and fled to the asylum state after conviction. As supporting that contention, he relies upon that portion of the statute which reads, "A person guilty of the commission of a felony anywhere in the United States, if found in this state, may be arrested and confined in jail * * *."

■ At common law, in the absence of a statute on the subject, a fugitive from justice may be arrested and detained by judicial proceedings pending the arrival of a demand from the state from which he fled. The statute in question merely implements the common law and prescribes the procedure which shall be followed in connection with the arrest, detention, and removal of the fugitive.

After providing for the arrest, the statute provides that the "accused" shall be taken before a judge in the county in which he was arrested, "who shall, upon hearing the evidence, if satisfied of the guilt of the prisoner, commit him to the jail of the county where he was arrested for sixty days, unless he is legally discharged or removed upon the demand of the executive of the state in which it is charged that the offense was committed." The concluding portion of the statute makes it the duty of the arresting officer to notify the executive of the state or territory in which the "crime was committed."

■ The general rule of statutory interpretation is that effect must be given where possible to every word in a statute, but where the object of the Legislature is plain and its intent can be ascertained with certainty from the entire context, the purpose and intent of the Legislature will not be defeated by the inadvertent or careless use of some word or phrase.

If the statute related only to a person who had been previously convicted in the State from which he fled, it would be ridiculous to require a judge in this state to hear evidence of guilt before detaining him for extradition. It is also significant that the statute refers to the fugitive as the "accused" and the state or territory wherein the crime was committed as the "state or territory in which it is charged that the offense was committed."

■ It may be that the word "guilty" was carelessly or inadvertently used by the Legislature. However, upon consideration of the entire statute, we have no difficulty in concluding that it was intended to and does provide for the preliminary arrest and detention of any person who is charged by warrant or indictment with the commission of a felony in another state. The lower court properly discharged the writ.

The judgment is affirmed.